OPINION OF THE COURT
Lee L. Holzman, J.
This guardianship proceeding reveals that SCPA 1706 (2) must be amended if it is to fulfill its stated goal of providing *230 essential information to the court prior to the granting of letters of guardianship (legislative mem to L 1987, ch 636, 1987 McKinney’s Session Laws of NY, at 2536). SCPA 1706 (2) provides as follows: "The court shall inquire of the department of social services and the department shall inform the court whether the infant, a person nominated to be guardian of such infant, or the petitioner is a subject of or another person named in an indicated report, as such terms are defined in section four hundred twelve of the social services law, filed with the statewide register of child abuse and maltreatment pursuant to title six of article six of the social services law.”
This case illustrates that SCPA 1706 (2) permits the Statewide Register to send to the court a sound wave of silence which could have resulted in the issuance of letters of guardianship of the person of the infant to the petitioner without notification to the court that the New York State Department of Social Services had assigned a number to an investigation of petitioner for alleged child abuse. Not only was the court not apprised of the pending investigation, but it was nearly misled by a report from the State-wide Register which stated that there were no "indicated reports” of child abuse involving the petitioner. This situation, fraught with peril for infants, can arise because the "indicated report[s]” referred to in SCPA 1706 (2) are defined as reports where "an investigation determines that some credible evidence of the alleged abuse or maltreatment exists” (Social Services Law § 412 [11]).
Although the court might not need to know about totally unfounded allegations that have been made against the petitioner in a guardianship application, far too little concern is shown for the rights and safety of defenseless infants if one branch of the government, the Department of Social Services, is unable to share with another branch of the government, the court, information which indicates that the person seeking authority from the court to serve as an infant’s guardian is presently the subject of a child abuse investigation. SCPA 1706 (2) should be amended to provide that the court shall be informed about both "indicated report[s]” and investigations which are still pending. To avoid lulling the court into a false sense that there is no need for further inquiry once it has received a response from the State-wide Register that there are no indicated reports of child abuse, it is respectfully suggested that unless and until the above amendment is enacted the State-wide Register should refrain from answering *231 any inquiry from the court about a petitioner who is then the subject of such an investigation.
In the instant application the maternal grandmother of the five-year-old infant seeks letters of guardianship of his person. The child’s mother is dead and his father’s whereabouts are alleged to be unknown. This court received a report dated January 8,1991 signed by the "Assistant Director Dispositions State Central Register” which indicated that the petitioner is not "named to be the subject or other person named in an indicated report of child abuse or maltreatment.” However, on January 10, 1991 petitioner filed an affidavit amending the petition wherein she stated that "on or about December 21, 1990,1 received notification that I was a subject of a report of suspected child abuse or maltreatment received by the New York State Child Abuse and Maltreatment Register pertaining to my foster daughter”.
Petitioner is to be commended for her forthright amendment to the petition and this will be considered by the court in passing upon the application. Nevertheless, both the spirit of SCPA 1706 (2) as well as concern for the best interests of the infant dictate that the application not be granted without additional inquiry. Accordingly, the New York City Department of Social Services shall be made a party to the proceeding and it is requested to conduct a home study. This decision constitutes the order of the court. The chief clerk shall serve a copy of this decision and order, all of the papers filed in this application, and a citation upon the Commissioner of Social Services. The chief clerk shall also mail a copy of this decision and order and the citation to counsel for the petitioner. The petitioner shall appear on the return date of the citation.